MARY A. JORDAN, AS ADMINISTRATRIX, ETC., OF CORNELIUS POILLON, DECEASED, APPELLANT, *v.* THE NATIONAL SHOE AND LEATHER BANK OF THE CITY OF NEW YORK, RESPONDENT.

*Action by administrators — set-off — when allowed in — 2 R. S., 355, sec. 23.*

To bring a case within section 23 of 2 Revised Statutes, 355, providing that in suits brought by executors and administrators, demands existing against their testators or intestates, and belonging to the defendant at the time of their deaths, may be set-off, by the defendant, in the same manner as if the action had been brought by, and in the name of, the deceased, it is necessary that the demand sought to be set-off should have been due and payable at the time of the death of the testator.

In this action, brought to recover a balance due from defendant to the plaintiff's intestate, at the time of his death, the defendant sought to set-off the amount of a note given by the intestate, then held by it, but which did not become due until after his death. *Held,* that the set-off could not be allowed.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed by the court.

*Wellesley W. Gage,* for the appellant. The plaintiff is entitled to whatever sum was on deposit standing to the credit of the intestate on the day of his death, October 11, 1876. ( *Vroom, Admr., etc.,*

v. *Van Horn et al.*, 10 Paige, 549; *Valentine* v. *Jackson*, 9 Wend., 302, and cases cited; *Babcock, Admr.*, v. *Booth*, 2 Hill, 181, 212; *Rockwell* v. *Saunders*, 19 Barb., 473, and cases cited; 21 id., 311.) Whatever was owned by or was owing to the intestate on the day of his death (October 11, 1876), upon the issue of letters of administration vested in the plaintiff as administratrix. (3 R. S., 169, § 6; *Rockwell* v. *Saunders*, 19 Barb., 473; *Foster* v. *Bates*, 12 M. & W., 226; *Ladd* v. *Wiggen*, 35 N. H. R., 421; *Bucher* v. *Birmingham*, 18 Conn., 110; *Rorbach et al.* v. *Lord et al.*, 4 id., 347; *Laurence* v. *Wright*, 23 Pick., 128; *Bullock* v. *Rogers*, 16 Vt. R., 294; *Seabrook* v. *Williams*, 3 McCord., 371; *Townsend, Admr.*, v. *Ingersoll*, 12 Abb. [N. S.], 354, 359.) Debts owed by a deceased person take rank according to their quality at the time of his death. (*Patterson* v. *Ramsay*, 1 Binn., 221; *Leiper* v. *Lewis*, 15 Serg. & Rawl., 108; *Fitzpatrick* v. *Brady*, 6 Hill, 582; 3 R. S., 747, § 12; id., 174, § 31, *supra*.) The debts must be mutual, and must be in the same right. (*Schofield* v. *Corbett*, 11 Q. B., 779.) In an action by an administrator for a debt due his intestate in his lifetime, defendant cannot set off a debt due him for money paid as the surety of the intestate since his death. (*Minor* v. *Minor*, 8 Grattan 1; *Wright, Assignee of Foster*, v. *Rogers*, 3 McLean, 229; *Whittaker* v. *Rush*, Amb., 407; *Aiken* v. *Bridgman*, 37 Vt., 249; *Lambarde* v. *Older*, 17 Beav., 542.) Administrators are not the mere representatives of the intestate; they are constituted trustees for the creditors, etc. (3 R. S. [5th ed.], 226, §§ 1, 2; *Dox* v. *Backenstose*, 12 Wend., 543; *Babcock, Admr.*, v. *Booth*, 2 Hill, 181; *Porter* v. *Williams et al.*, 9 N. Y., 142–149; *Osgood* v. *Ogden*, 4 Keyes, 70, 87–88.) All the right and title to the money in suit vested in the plaintiff, as of the 11th day of October, 1876, and thereby the plaintiff became the owner, and was legally entitled to the possession of such money, and the note falling due on the thirty-first day of October is not the subject of set-off as against the plaintiff. (*Martin* v. *Kunzmuller*, 37 N. Y., 396; *Beckwith* v. *Union Bank*, 9 id., 211; *Mercien* v. *Smith*, 2 Hill, 210, 226; *Armstrong & Brown* v. *Pratt et al.*, 2 Wis., 299, 307; *Chapman* v. *Derby*, 2 Vern., 117; *Thompson* v. *Hooker et al.*, 4 N. Y. Leg. Obs., 17; *Hutchins, Admr.*, v. *State Bank*, 12 Met., 425; *Patterson* v. *Patterson*, 59 N. Y., 574, and

cases cited.) The rights of the plaintiff as administratrix are similar to those of an assignee for the benefit of creditors, and those rights arise from like principles, and each being a trustee, they are subject to similar obligations and restrictions. (3 R. S., 226, §§ 1, 2; id., 747, § 17; *Gilbert* v. *Moody*, 3 N. Y., 479.) An assignee takes a deposit in bank subject only to the liens at the time of the assignment. (Burrell on Assignments, 439; *Martin* v. *Kunzmuller*, 37 N. Y., 396, 540; *Myers* v. *Davis*, 22 id., 489; *Bradley* v. *Angel*, 3 Comst., 475; *Beckwith* v. *The Union Bank*, etc., 9 N. Y., 211; *Osgood* v. *Ogden*, 4 Keyes, 88.)

*Henry W. Beach*, for the respondent. Defendants were entitled to set-off the balance standing to the credit of Mr. Poillon, in this action, brought by his administratrix, by express authority of statute. (2 R. S., [355], 279, § [23] 37, of 2d ed.; *Rawson, Adm.*, v. *Copland*, 3 Barb. Ch., 168; affirming the Assistant V. C., 2 Sand. Ch., 252; *Mathewson, Admr.*, v. *Strafford Bk.*, 45 N. H., 108; 2 Edm. Stat. at Large, § 25, p. 367; *Hills* v. *Tallman's Exrs.*, 21 Wend., 674.)

DANIELS, J. :

The action was brought to recover a balance due on the bank account of Cornelius Poillon, the plaintiff's intestate, and it was defeated by the allowance of a set-off accruing on his note, discounted by the bank, but which did not become due until the 31st day of October, 1876, while he died on the eleventh day of that month. At the time of his decease, therefore, no right to set off one demand against the other existed. The statute upon this subject has provided that in suits brought by executors and administrators, demands existing against their testators or intestates and belonging to the defendant at the time of their death, may be set off by the defendant in the same manner as if the action had been brought by and in the name of the deceased. (3 R. S. [5th ed.], 636, § 16.) The chancellor held in a case decided by him upon the effect of this provision, that the set-off would be proper, provided the right to make it accrued at any time before the commencement of the action (*Rawson* v. *Copland*, 3 Barb., Ch., 166), and that would sanction the disposition which was made of this case at the

Circuit, by which the set-off was allowed. But that case has not been considered in all respects a sound exposition of the statute. By the case of *Ketchum* v. *Milne*, decided by the Court of Appeals and reported in Selden's Notes (No. 3, p. 56), it was held that a set-off of a demand existing against the intestate could not be allowed in an action brought for the recovery of another, accruing after his decease upon a contract made and only partially performed before the period of his decease. That was considered to be in conflict with the decision made by the chancellor, and his decision was for that reason practically overruled in the case of *Patterson* v. *Patterson* (59 N. Y., 574–581). What the statute, as it has been construed by these authorities, was intended to require in order to create the right of set-off where an action has been brought by an executor or administrator, is that both demands shall have accrued and become payable at the time of the decease of the testator or intestate. By an existing demand the legislature intended a demand which had accrued and became payable. That was not the nature of the demand allowed as a set-off in this case.

Where that is not the case, the policy as well as the requirements of the laws concerning the payment of the debts of deceased persons is that they shall participate equally in the assets of the estate, so far as they may be required for that purpose, and that would be defeated by construing this section of the statute as allowing the set-off of demands accruing and becoming due after the death of the deceased debtor.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

Davis, P. J., and Brady, J., concurred.

Judgment reversed and new trial ordered, costs to abide the event.